IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LONNIE LEWIS,                )
                             )
    Plaintiff,                )
                             )
v.                           )   CIVIL ACTION NO.: 2:05CV690-B
                             )
FREIGHTLINER OF HOUSTON,     )
INC.,                        )
                             )
    Defendant.                )
                             )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Houston Freightliner, Inc., incorrectly named in the Complaint as Freightliner of Houston, Inc., (hereinafter referred to as "Houston Freightliners") and hereby gives notice of removal of this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, as the district and division with which such action is pending. As grounds for this removal, Houston Freightliner, states as follows:

1.    On or about June 17, 2005, Plaintiff, Lonnie Lewis (Lewis) commenced an action in the Circuit Court of Montgomery County, Alabama, styled <u>Lonnie Lewis, Plaintiff v. Freightliner of Houston, Inc., Defendant</u>, Civil Action No.: CV-05-1520.

2.    In his complaint Plaintiff Lewis attempts to state causes of action for negligence (Count I), breach of contract (Count II), breach of warranty (Count III), and fraud/misrepresentation (Count IV). The gravamen of Plaintiff's action relates to allegations regarding the repair of Plaintiff's 1997 freightliner truck on or about February

13, 2005, by Defendant at its principal and sole place of business in Houston, Texas.

3. Plaintiff in his complaint seeks an unspecified amount of compensatory and punitive damages in excess of the minimum jurisdiction of the Court as determined by a jury. In his complaint Plaintiff alleges Plaintiff paid the Defendant approximately $1,521.00 for repairs to the vehicle which Defendant failed to make. (Complaint, ¶ 15 and 16). Plaintiff alleges that following the alleged repairs on or about February 13, 2005, the Plaintiff's truck suffered a total mechanical breakdown. (Complaint, ¶ 4 and 6). Plaintiff alleges that he has suffered lost wages, additional repair expenses, and other out-of-pocket expenses caused by the mechanical failure of Plaintiff's vehicle. (Complaint, ¶ 12, 17, 21, 25 and 26). As stated above, Plaintiff's complaint also demands judgment for compensatory damages and punitive damages in an unspecified amount in excess of the minimum jurisdiction of the Court to be determined by the jury. (Complaint, ¶ 26).

4. Defendant, Houston Freightliner first received a copy of the initial pleading setting forth the claims for relief when served by certified mail with the summons and complaint on or about July 1, 2005.

5. True and correct copies of all process, pleadings and orders served or purportedly served upon Defendant Houston Freightliner in said action are attached hereto and marked as Exhibit "1" and made a part hereof.

6. Pursuant to 28 U.S.C. § 1446(b), Defendant has thirty days from the receipt by the defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based to remove a case. 28 U.S.C. §1446(b).

7. This Notice of Removal is filed within thirty days after Defendant Houston

Freightliner received Plaintiff's complaint; therefore this removal is timely filed pursuant to 28 U.S.C. §1446(b) and Rule 6(a) of the *Federal Rules of Civil Procedure*.

## FEDERAL DIVERSITY JURISDICTION

## COMPLETE DIVERSITY

8.  Plaintiff, Lonnie Lewis, is an adult resident citizen of Montgomery County, Alabama. (Complaint, ¶ 1). Thus, Plaintiff is for diversity purposes a citizen of the state of Alabama.

9.  Defendant, Houston Freightliner, Inc., is a Delaware corporation with its principal and sole place of business in the State of Texas. See, Affidavit of Roger S. Poser attached as Exhibit "A" to the Alternative Motion to Stay Proceedings and to Compel Binding Arbitration of Defendant filed contemporaneously herewith and Exhibits "1", "2" and "3" thereof. Houston Freightliner is not organized or incorporated in and does not have its principal place of business in the State of Alabama. Therefore, there is complete diversity between Plaintiff and Houston Freightliner.

## AMOUNT IN CONTROVERSY

10. Although Defendant expressly denies liability to Plaintiff and denies the Plaintiff is entitled to any judgment against Defendant based on the allegations of Plaintiff's complaint, this case nonetheless meets the $75,000.00 amount in controversy requirement for diversity jurisdiction purposes under 28 U.S.C. §1332(a) because the value of the relief Plaintiff seeks exceeds $75,000.00, exclusive of interest and costs.

11. In paragraph 15 of his complaint, Plaintiff alleges Plaintiff paid to Defendant approximately $1,521.00 for the repairs to his vehicle. In paragraphs 12, 17, 21 and 26 of

3

his complaint, Plaintiff alleges Plaintiff suffered lost wages, additional repair expenses, and other out-of-pocket expenses (assumed to include loss of use of a commercial vehicle) that were caused by the mechanical failure of his vehicle. In the ad damnum of his complaint, Plaintiff demands judgment against the Defendant for an unspecified amount of compensatory and punitive damages in excess of the minimum jurisdiction of the Court to be determined by a jury. (See, Complaint, ¶ 26). In correspondence relating to this action, Plaintiff's counsel has asserted Plaintiff has sustained out-of-pocket economic damages of $34,300.00 which were stated to include approximately $26,000.00 in lost income and repair costs of approximately $8,300.00.

  12. Where, as here, Plaintiffs seek recovery for an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See e.g., Leonard v. Enterprise Rent A Car, 279 F. 3rd 967, 972 (1th Cir. 2002); Tapscott v. M.S. Dealer Service Corp., 77 F. 3rd 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F. 3rd 1069 (11th Cir. 2000). Proof of the amount in controversy requirement can be made in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000.00; or (2) by setting forth the facts in controversy-either in the removal papers or by affidavit-that support a finding of the requisite amount. Williams v. Best Buy Co., Inc., 269 F. 3rd 131, 1319-20 (11th Cir. 2001); Sierminski v. TransSouth Financial Corp., 216 F. 3rd 945, 948-49 (11th Cir. 2000). The determination of whether jurisdiction is "facially apparent" is left in part to the court's intuition and common sense. HWJ, Inc., v. Burlington Insurance Company, 926 F. Supp. 593, 595 (E.D.Tex. 1996). Where jurisdiction is not "facially apparent," the removing

defendant may use summary judgment type evidence to establish that the amount in controversy exceeds $75,000.00. Williams, 269 F. 3rd at 1320; Sierminski, 216 F. 3rd at 948. As the Eleventh Circuit has recognized,"if the jurisdictional amount is not facially apparent from the complaint, the courts should look to the notice of removal and may require evidence available to the amount in controversy at the time the case was removed". Williams, 269 F. 3rd at 1319.

13.     All of this is a lower burden of proof than the "legal certainty" standard where the defendants were attempting to prove that the amount in controversy exceeded a specific amount claimed in the complaint. Tapscott, 77 F. 3rd at 1357. Indeed, this court has described the burden of proof in the following way:

> This court holds that in a diversity case where no specific amount of damages is claimed in the complaint filed in state court, the removing defendant's burden is to establish by a preponderance of the evidence that the amount in controversy is greater than [the jurisdictional minimum] and that this may be done by sufficient proof that a plaintiff's verdict reasonably may exceed that amount. This standard balances the plaintiff's right to choose a proper forum and the defendant's right to remove where federal jurisdiction exists.

Bolling v. Union Nat. Life Ins. Co., 900 F. Supp. 400, 405 (M.D. Ala. 1995) (emphasis added). See also, Moss v. Voyager Ins. Cos., 43 F. Supp. 2d 1298 (M.D. Ala. 1999).

14.     In this type removal petition, the operative standard is whether a preponderance of the evidence indicates that a verdict in favor of the Plaintiff (if there is to be one) "reasonably may exceed" the jurisdictional minimum. In this case, the amount in controversy more than likely exceeds the sum of $75,000.00, exclusive of interest and costs, because the Plaintiff seeks compensatory (including, but not limited to, damages for lost wages, additional repair expenses and other out-of-pocket expenses) and punitive

damages. Any potential award of punitive damages against the defendant is included in determining the amount in controversy if punitive damages are recoverable under governing law. See, Bell v. Preferred Life Insurance Society of Montgomery, Alabama, 320 U.S. 238, 240 (1943); Holly Equipment Co., v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987). Although Defendant expressly denies liability to Plaintiff, disputes causation and the amount of damages, and denies Plaintiff is entitled an award of compensatory or punitive damages, under Alabama law, Count IV of Plaintiff's complaint alleging fraud/misrepresentation, if proven, can result in punitive damages being awarded.

15.     As stated above, Plaintiff has submitted, through counsel, a specified claim of over $34,000.00 in alleged out-of-pocket economic damages which were stated to include lost income of approximately $26,000.00 and repairs costs of approximately $8,300.00. In this case a verdict for the alleged compensatory damages, and punitive damages 1.19 times the alleged compensatory damages would exceed the jurisdictional minimum. There are no statutory caps of less than $75,000.00 on compensatory and punitive damages for which the Plaintiff seeks recovery. The Alabama Supreme Court has upheld awards in this type action alleging this type injury in amounts exceeding $75,000.00, and Alabama law only caps punitive damage awards against companies such as Defendant at the greater of $500,000.00 or 3 times the compensatory damages. See, §6-11-21, Code of Alabama, 1975. These amounts exceed the jurisdictional minimum and establish the requisite amount in controversy. The U.S. Supreme Court has rejected the notion that there is a simple mathematical formula or ratio of compensatory and punitive damages. BMW of North America v. Gore, 517 U.S. 559 116 S. Ct. 1589, (1996). The U.S. Supreme Court has, however, recognized that punitive damage awards of up to 4

times and even up to 10 times compensatory damages are not excessive. See, id. at 1602, citing, Pacific Mut. Life Ins. Co. V. Haslip, 499 U.S. 1, 111 S. Ct. 1032 (1991) and TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 113 S. Ct. 2711 (1993); see also, State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524 (2003) (legislation providing for double, triple or quadruple damages are instructive and demonstrate what should be obvious: single-digit multipliers are more likely to comport with due process). In this case Plaintiff's counsel has submitted an itemization of Plaintiff's alleged compensatory damages of over $34,000.00. Although Defendant denies liability to Plaintiff and denies Plaintiff is entitled to an award of damages, it is nonetheless clear that a possible Plaintiff's verdict in this case reasonably may exceed the jurisdictional minimum. See, Bolling v. Nat. Life Ins. Co., 900 F. Supp. 400, 405 (M.D. Ala. 1995). In Bolling this Court recognized that when a plaintiff seeks recovery for fraud, the recovery may very well exceed the jurisdictional minimum even though the out-of-pocket damages are slight. Id. at 405. In this case Plaintiff alleges out-of-pocket damages of over $34,000.00 and the amount in controversy in this case (inclusive of a potential award of punitive damages) exceeds the jurisdictional minimum.[1]

16.    Thus under the pleadings of the Plaintiff and the facts before the court it is clear that the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

---

[1] Defendant has referenced Alabama law herein inasmuch as Plaintiff filed his lawsuit in Alabama. A similar analysis would, however, apply under Texas law if applicable. See, SAS & Associates, Inc. v. Home Marketing Servicing, Inc., ____ S. W. 3d____, 2005 WL 1594402 (Tex. App. Jul. 6, 2005)(punitive damage award equal to 3 times compensatory damages for fraud is not excessive). By citing Alabama law Defendant is not waiving its right to assert that Texas law is applicable to Plaintiff's claims.

17.   A true and correct copy of this notice of removal is being served upon all counsel of record.

18.   A true and correct copy of this notice of removal is being filed with the Circuit Court of Montgomery County, Alabama.

19.   By filing this notice of removal, Defendant does not waive any defense that may be available to the Defendant.

20.   Defendant has filed this notice of removal in this Honorable Court pursuant to 28 U.S.C. §1446(a), as the district and division in which such action is pending. Contemporaneously with the filing of this notice of removal Defendant has filed a motion to dismiss and/or to transfer venue as well as an alternative motion to stay proceedings and to compel binding arbitration as well as an alternative motion to dismiss and/or transfer venue. The contents of said motions are adopted by reference as if fully set forth herein.

21.   A copy of all pleadings served upon this Defendant are attached to the original notice of removal.

**WHEREFORE**, Defendant Houston Freightliner, Inc., incorrectly named in the Complaint as Freightliner of Houston, Inc., files this notice of removal so as to effect the removal of this action from Circuit Court of Montgomery County, Alabama, to this court. This defendant prays this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Defendant Houston Freightliner further prays that the removal of this cause to this court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Montgomery County, Alabama.

Dated this the 27th day of July, 2005.

_____
ROGER S. MORROW (MOR032)

_____
JOEL H. PEARSON (PEA019)

_____
MEREDITH L. TOLAR (TOL006)
Attorneys for Defendant Houston Freightliner, Inc., incorrectly named in the Complaint as Freightliner of Houston, Inc.

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
P. O. Box 4804
122 South Hull Street
Montgomery, AL 36103
Telephone: (334) 262-7707
Facsimile: (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date mailed a true and correct copy of the foregoing to the following parties of record at their proper mailing addresses, by depositing a copy of the same in the United States Mail, First Class, postage prepaid and affixed thereto; this 27th day of July, 2005:

Honorable Todd E. Hughes
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049

_____
Of Counsel