RECEIVED
2005 JUL 27 P 3:50

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:05CV690-B |
| ) | |
| FREIGHTLINER OF HOUSTON, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ALTERNATIVE MOTION TO STAY PROCEEDINGS AND TO COMPEL BINDING ARBITRATION OF DEFENDANT HOUSTON FREIGHTLINER, INC.

**COMES NOW** Defendant, Houston Freightliner, Inc., incorrectly named in the complaint as Freightliner of Houston, Inc., (hereinafter referred to as "Houston Freightliner"), and without waiving its motion to dismiss and/or to transfer venue filed contemporaneously herewith, and alternatively moves this Honorable Court to stay this action and to require the Plaintiff to submit his dispute and claims to binding arbitration pursuant to the provisions of the written binding arbitration agreement which Lonnie Lewis entered into, and in accordance with the provisions of the Federal Arbitration Act 9 U.S.C. § 1, et seq. In support of this motion, Defendant Houston Freightliner sets forth the following grounds, to wit:

1.  Defendant Houston Freightliner has filed contemporaneously herewith a motion to dismiss and/or to transfer venue. This motion is presently pending before this Honorable Court and is adopted by reference as if fully set forth herein. Alternatively, this Honorable Court should stay this action and require Plaintiff to submit his dispute and claims to binding arbitration for the reasons set forth in the following paragraphs.

2. According to the records of Houston Freightliner, a repair order was signed by Lonnie Lewis on or about February 13, 2005 regarding the repair of a Freightliner vehicle, Serial No: 794813.

3. As a condition and as a part of the transaction and repair regarding the Freightliner vehicle, Serial No.: VL794813, an arbitration agreement was executed by Lonnie Lewis. The affidavit of Roger Poser of Houston Freightliner is attached hereto as Exhibit "A" and attached thereto as Exhibit "1" is a copy of the arbitration agreement signed by Lonnie Lewis. The arbitration agreement between Plaintiff and Defendant states that the parties recognize and acknowledge that their relationship and business dealings and contracts involve interstate commerce and further agree to submit all controversies, claims and matters of difference of any nature whatsoever to non-binding mediation and binding arbitration in Texas in accordance with the Federal Arbitration Act (9 U.S.C. §§ 1-16) and pursuant to the Commercial/Business Rules and Procedures for Mediation and Arbitration, including arbitration pursuant to the American Arbitration Association's rules and regulations. The Mediation/Arbitration Agreement between the parties and contained in the repair order reads as follows:

> The undersigned parties recognize and acknowledge that their relationship and business dealings and contracts involve Interstate Commerce and hereby submit all controversies, claims and matters of difference of any nature whatsoever (which are or may be directly or indirectly related to this repair Agreement in any manner whatsoever) to non-binding mediation and binding arbitration in Texas in accordance with the Federal Arbitration Act (9 USC 8 §§ 1-16) and pursuant to the Commercial/Business rules and procedures for mediation and arbitration Association. This submission and agreement to mediate and arbitrate shall be specifically enforceable. The parties hereto agree to submit all controversies to a one day mediation as a condition precedent to any arbitration

proceeding. Arbitration may, thereafter, proceed in the absence of any party if written notice (pursuant to the American Arbitration Association's rules and regulations) of the proceedings has been given to such party. The parties agree to abide by all awards rendered in such arbitration proceedings. Such awards shall be final and binding on all parties to the extent and in the manner provided by the Federal Arbitration Act. All such awards may be filed with the Clerk of District Court in Harris County, Texas, as a basis for judgement and the issuance of execution for collection and, at the election of the party making such filing, with the clerk of one or more other court, state or federal, having jurisdiction of the party against whom such an award is rendered or his property.

4. It is undisputed that the repair and other aspects of the subject transaction between the parties pertaining to the Freightliner vehicle, Serial No.: VL794813, directly involved interstate commerce; therefore, the arbitration agreement entered into by the parties is subject to the provisions of the Federal Arbitration Act 9 U.S.C. § 1, et seq.

5. All proceedings and claims asserted by Plaintiff against Defendant Houston Freightliner should by stayed and referred to arbitration because the transaction and dispute between Plaintiff and Defendant involved interstate commerce and the economic activity in question, in the aggregate, represents a general practice subject to federal control; therefore, the dispute must be referred to arbitration. See, Citizens Bank v. Alafabco, 539 U.S. 52, 123 S. Ct. 2037 (2003); See also, Wolff Motor Co. v. White, 869 So. 2d 1129, 1134 (Ala. 2003); Dan Wachtel Ford, Lincoln, Mercury, Inc. v. Modas, 2004 WL 759261 (Ala. Apr. 9, 2004). Further, Plaintiff has expressed an intent not to arbitrate his claims against Defendant by filing this action.

6. All the claims asserted by the Plaintiff against Defendant in this judicial proceeding are unquestionably referable to arbitration under the aforementioned agreement.

3

7. Section 4 of the FAA (9 U.S.C. § 4) authorizes this Court to issue an order compelling arbitration if there has been a "failure, neglect or refusal" of a party to comply with an arbitration agreement. By proceeding to Court, the Plaintiff has expressed his intention not to arbitrate. Therefore, Defendant has already been aggrieved by Plaintiff's "failure, neglect or refusal" to arbitrate.

8. Furthermore, the United States Supreme Court has stated that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract, language itself or an alleged waiver, delay or a like defense to arbitrability." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 124-125, 103 Sup. Ct. 927, 941-42 74 L.ED. 2d 765 (1983).

9. Defendant Houston Freightliner adopts by reference as if fully set forth herein the entire contents of the affidavit of Roger Poser (and the exhibits thereto) which is attached as Exhibit "A" to this motion.

**WHEREFORE**, Defendant, Houston Freightliner, Inc., incorrectly named in the Complaint as Freightliner of Houston, Inc., respectfully requests this Court to enter an order staying this action and proceeding and further compelling Plaintiff and Defendant, Houston Freightliner, to submit all claims to binding arbitration pursuant to any and/or all applicable arbitration agreements between the parties.

Dated this the 27th day of July, 2005.

_____
ROGER S. MORROW (MOR032)

_[signature]_
JOEL H. PEARSON (PEA019)

_[signature]_
MEREDITH L. TOLAR (TOL006)
Attorneys for Defendant Houston Freightliner, Inc., incorrectly named in the Complaint as Freightliner of Houston, Inc.

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
P. O. Box 4804
122 South Hull Street
Montgomery, AL 36103
Telephone:  (334) 262-7707
Facsimile:  (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date mailed a true and correct copy of the foregoing to the following parties of record at their proper mailing addresses, by depositing a copy of the same in the United States Mail, First Class, postage prepaid and affixed thereto; this 27th day of July, 2005:

Honorable Todd E. Hughes
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049

_[signature]_
Of Counsel